# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**November 29, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**GREGORY KINGERY,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0038**  (BOR Appeal No. 2050753)
                (Claim No. 2014024721)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Gregory Kingery, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Jillian Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2015, in which the Board affirmed an August 5, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 19, 2014, decision denying Mr. Kingery's request to reopen his claim for further consideration of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kingery injured his lower back on February 21, 2014, while swinging a sledgehammer and his claim for workers ' compensation benefits was held compensable for a lumbar sprain. He received temporary total disability benefits from the time of the injury until his initial return to work on May 20, 2014. On May 27, 2014, Prasadarao Mukkamala, M.D., performed an independent medical evaluation, and he authored a report memorializing his findings on May 28, 2014. Dr. Mukkamala diagnosed Mr. Kingery with a lumbar strain, noted

1

that he returned to work at his pre-injury position, and opined that he has reached maximum medical improvement with respect to the compensable injury.

On December 2, 2014, Allen Young, M.D., Mr. Kingery's treating physician, completed a reopening application for temporary total disability benefits. Dr. Young listed Mr. Kingery's current diagnoses as a lumbar sprain, a lumbosacral injury, lumbar disc disease, and an annular tear/disc protrusion at L4-5.[1] However, Dr. Young did not indicate that Mr. Kingery sustained an aggravation or progression of a compensable injury. Additionally, he did not list any physical findings in support of the reopening request. Dr. Young indicated that Mr. Kingery was unable to work from June 13, 2014, through October 12, 2014. On December 19, 2014, the claims administrator denied Dr. Young's request to reopen Mr. Kingery's claim for further consideration of temporary total disability benefits.

On March 24, 2015, Dr. Young completed a modified duty assessment form in which he indicated that Mr. Kingery has exacerbated a chronic lumbar injury. Dr. Young further indicated that Mr. Kingery would be unable to return to work until he was re-evaluated. Mr. Kingery was deposed on April 8, 2015. He testified that although he returned to work on May 20, 2014, Dr. Young became concerned that his reports of increased pain indicated that his return to work was causing nerve damage to his lumbar spine. Mr. Kingery further testified that Dr. Young requested that he stop working on June 13, 2014.

In its Order affirming the December 19, 2014, claims administrator's decision, the Office of Judges held that Mr. Kingery has failed to demonstrate that he sustained an aggravation or progression of his compensable injury to justify a reopening of his claim for further consideration of temporary total disability benefits. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated December 23, 2015. On appeal, Mr. Kingery asserts that the evidence of record demonstrates that he is entitled to additional temporary total disability benefits.

The Office of Judges noted that Mr. Kingery testified that he stopped working on June 13, 2014, at the direction of Dr. Young following his complaints of intense pain. However, the Office of Judges found that Mr. Kingery's testimony fails to establish that he sustained an aggravation or progression of his compensable injury, as is necessary to obtain a reopening of his claim pursuant to West Virginia Code § 23-5-3 (2009). Further, the Office of Judges noted that Dr. Young failed to express an opinion regarding whether an aggravation or progression of the compensable injury occurred. Moreover, the Office of Judges found that Mr. Kingery provided no medical evidence whatsoever indicating that an aggravation or progression of the compensable injury occurred. Additionally, the Office of Judges found it noteworthy that Dr. Young referenced multiple non-compensable diagnoses in his reopening application. Finally, the Office of Judges determined that the March 24, 2015, modified duty assessment form in which Dr. Young indicated that Mr. Kingery suffered an exacerbation of a chronic lumbar injury is

---

[1] As stated above, the only compensable diagnosis in the instant claim is a lumbar sprain. There is no evidence that a request has been submitted to add any of the additional diagnoses listed by Dr. Young in the reopening application as compensable diagnoses.

2

insufficient to establish that an aggravation or progression of the compensable injury has occurred. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II